UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:08-CR-84 |
| | ) | |
| TRENA CLAYTON BLEDSOE | ) | |

## MEMORANDUM OPINION

This matter is before the Court to consider certain objections by the defendant to the Presentence Investigation Report ("PSR"). This Court heard the testimony of FBI SA James Runkell and arguments of counsel on February 20, 2009, and took the objections under advisement. This opinion will address all objections which affect the advisory guideline range.

**I.  Background**

On August 12, 2008, a grand jury returned a four count indictment against the defendant, charging her with violations of 18 U.S.C. §§ 657, 1344, 152(2) and 1001 (case number 2:08-CR-74). On September 22, 2008, the defendant entered a plea of guilty in the instant case to a two count information which charged, in Count One, bank embezzlement in violation of 18 U.S.C. § 657 and, in Count Two, making a false oath and account in relation to a bankruptcy case in violation of 18 U.S.C. § 152(2). Pursuant to a negotiated plea agreement, the government has agreed to move

to dismiss the indictment in case number 2:08-CR-74 at the time of sentencing.

A PSR was prepared by the United States Probation Office and disclosed to the parties on January 5, 2009. The 2008 version of the United States Sentencing Guidelines Manual was used by the probation officer. Counts One and Two were grouped under USSG § 3D1.2(d). USSG § 2B1.1(a)(2) establishes a base offense level of six as to Count Two and § 2B1.1(a)(1) establishes a base offense level of seven for Count One. Since Counts One and Two are grouped, the highest offense level seven is applied. Pursuant to USSG § 2B1.1(b)(1)(F), ten levels were added for loss which exceeded $120,000.00 and two levels were added pursuant to USSG §2B1.1(b)(8)(B) because the offense involved a misrepresentation or other fraudulent actions during the course of a bankruptcy. An additional two levels were added to the offense level for obstruction of justice pursuant to USSG § 3C1.1. No adjustment was made for acceptance of responsibility. This resulted in a total offense level of 21. With a criminal history category of I, the advisory guideline range for imprisonment, according to the PSR, is 37 to 46 months.

**II.     The Objections**

   **A.     Obstruction of Justice**

United States Sentencing Guidelines § 3C1.1 provides for a two level increase in the offense level if "the defendant willfully obstructed or impeded , or attempted

2

to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . ." Of relevance here also is application note 1 in the commentary to the guideline, which provides:

> Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction.

The facts relevant to this objection are largely undisputed. On June 18, 2007, private auditors made an unannounced and unscheduled audit at the Rogersville, Tennessee branch of Appalachian Community Federal Credit Union ("ACFCU"), where the defendant was employed. The auditors were not aware of any complaint of wrongdoing by the defendant at the time.[1] In order to prevent the auditors from detecting her embezzlement, the defendant manipulated the bank's accounts with false and misleading entries in the bank's records to conceal her theft. Described simply, the defendant input a transfer of $60,000.00 from the vault to the account of customers whose funds had been embezzled and then, after the auditors left the ACFCU branch, re-transferred the $60,000.00 from the customer accounts to the vault. The defendant

---

[1] Although nothing in the record establishes that the auditors who came to the ACFCU on June 18, 2007, were aware of any investigation, the brother-in-law of one of the embezzlement victims had already contacted the Rogersville Police Department on June 8 and formal complaints had been filed with the police on June 11 and 12. As of June 12, 2007, there was both an internal investigation and a criminal investigation into the alleged embezzlement.

3

objects to the enhancement under § 3C1.1 for obstruction of justice and argues that the burden is on the government to prove that the defendant obstructed justice ***during*** an official investigation or judicial proceeding. Citing a number of pre-2006 decisions of courts of appeals, including *U.S. v. Cole*, 359 F.3d 420 (6th Cir. 2004), the defendant argues that, in order for the enhancement to apply, her conduct must be willful, she must engage in obstructive conduct with knowledge that she is subject of an investigation, or should have known that an investigation had probably commenced, and that obstruction of a nongovernmental investigation does not justify the enhancement. Although the defendant does not state which version of the United States Sentencing Guideline Manual she relies on, it is apparent that she relies on a pre-2006 version of the manual, and therein lies the fallacy in her argument. As stated above, the probation officer applied the 2008 version of the guidelines manual, and the defendant makes no argument that any other version should apply.

Under the pre-2006 guideline, the obstruction enhancement applied to conduct occurring "*during* the investigation, prosecution, or sentencing of the instant offense." (Emphasis added). Thus, the pre-2006 guideline contained a temporal restriction and the enhancement could not apply if the obstructive conduct occurred before the investigation began. *See United States v. DeGeorge*, 380 F.3d 1203, 1222 (9th Cir.

4

2004); *see also United States v. Baggett*, 342 F.3d 536, 541-42 (6th Cir. 2003) (reluctantly following the prevailing approach and adhering to "[a] strictly temporal analysis . . . of § 3C1.1 . . ."). In response to these decisions, however, the sentencing commission amended the guideline in 2006 to remove the temporal dimension and the guideline now provides for the enhancement if obstructive conduct occurs "*with respect to* the investigation, prosecution, or sentencing of the instant offense of conviction, . . ." (Emphasis added). Furthermore, the commission added a new application note to the commentary to § 3C1.1 which makes it clear that obstructive conduct which occurs prior to the start of the investigation may justify application of the enhancement. For a good discussion of the change, *see United State v. Rising Sun*, 522 F.3d 989 (9th Cir. 2008).

Thus, under the current version of § 3C1.1 , which applies to this case, the defendant's obstructive conduct in concealing, and taking affirmative steps to conceal, her embezzlement from the auditors on June 18, 2007, constitutes obstruction of justice and the two level enhancement under § 3C1.1 is appropriate. The defendant's objection, therefore, is OVERRULED.

**B.    Acceptance of Responsibility**

In Section 3E1.1(a) provides for a two level decrease in the offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for [her] offense, . .

5

." Subsection (b) provides for a further one level decrease if the offense level is 16 or greater and the government moves for the reduction "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, . . . ."

Application Note 4 to § 3E1.1 provides that conduct resulting in an enhancement for obstruction of justice under § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" and makes the adjustment inapplicable. There may, however, be extraordinary cases in which the adjustment is warranted even though an adjustment has been made under § 3C1.1. The probation officer declined to apply the adjustment under § 3E1.1 because the defendant had obstructed justice by hindering the investigation of bank auditors on June 18, 2007.

The defendant argues entitlement to the two level decrease under § 3E1.1(a) on the basis that she signed a plea agreement on the day of her initial appearance, promptly appeared before this Court and entered a plea of guilty, relieved the government from the burden of preparing the case for trial and that she fully admitted her wrongdoing in the case, including her obstructive conduct on June 18, 2007. The government, pursuant to the terms of its plea agreement with the defendant, does not oppose the two level decrease in offense level.

6

Of importance to the Court on this issue is the language of the defendant's negotiated plea agreement with the government. The record establishes that the defendant signed her plea agreement on September 4, 2008. Paragraph 6 of the plea agreement provides as follows:

> 6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United States ***agrees to move***, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

[Doc. 8, ¶ 6].

Although the government does not oppose the two level decrease pursuant to § 3E1.1(a), the United States has not moved for an additional one level decrease

pursuant to § 3E1.1(b).[2] Although the PSR notes that the defendant, during her interview with the probation officer, disagreed with the agreed factual basis in the case, stating that she took $70,000.00 rather than $105,900.00 from ACFCU, the government does not suggest that this, in and of itself, is sufficient to deny the adjustment or sufficient for the government to invoke the provisions of the plea agreement.

This Court will sustain the defendant's objection with respect to the two-level decrease for acceptance of responsibility. Although the guidelines do in fact provide that the decrease is not generally applicable when there is also an increase for obstruction of justice, the United States and the defendant entered into this plea agreement with the above stated provisions at a time when the government was fully aware of defendant's conduct on June 18, 2007, and the likelihood that such conduct constituted obstruction of justice for the purposes of the enhancement under § 3E1.1. Given that the government does not now suggest that the defendant has done anything to justify denial of the adjustment since the entry of the guilty plea, it would be unjust for this Court to deny the defendant the adjustment of acceptance of responsibility and

---

[2] The defendant has not suggested to the Court that the government has breached its plea agreement with the defendant and the Court expresses no opinion on that matter at this time.

the Court will apply a two-level decrease in the offense level pursuant to § 3E1.1(a).[3]

### C. Amount of Loss

Pursuant to USSG §2B1.1(b)(1)(F), the offense level is increased by ten levels if the loss exceeded $120,000.00. In the present case, the defendant stipulated that the loss to ACFCU was $105,900.00. The probation officer added to this amount the sum of $76,850.00 for Count Two, which is the amount discharged in the defendant's bankruptcy. The probation officer included this amount on the basis that various creditors suffered a loss as a result of the defendant having filed false schedules in her bankruptcy case. The defendant asserts that it is improper to include the amount discharged in bankruptcy because the amount was not stipulated to and as such may not be used to enhance a defendant's sentence calculation.

To the extent the defendant raises a Sixth Amendment challenge to court found facts in applying the adjustment, that issue has been decided against the defendant by the Sixth Circuit. *See United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008) (*en banc*) ("So long as the defendant receives a sentence at or below the statutory ceiling set by the jury's verdict, the district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within that statutory range."); *See also United States v. Bustos*, 186 F.Appx.

---

[3] As noted above, the Court cannot apply the one-level decrease provided for in § 3E1.1(b) absent a government motion.

551 (6th Cir. 2006) (affirming district court's two-point enhancement under USSG § 3C1.1 on judicial fact-finding).

Given that Counts One and Two were grouped for guidelines purposes, it was appropriate for the probation officer to add the stipulated loss from the embezzlement count to the debts which were discharged as a result of defendant filing false schedules with the bankruptcy court in order to obtain the total amount of loss, and the defendant cites no authority for doing otherwise. Thus, the amount of loss for guidelines purposes exceeds $120,000.00 and the ten level adjustment (rather than an eight level adjustment) is appropriate and the defendant's objection in this regard will be overruled.

## III. Conclusion

The defendant's offense level is thus calculated as follows: the base offense level is seven; a ten level increase in the offense level is applied pursuant to USSG § 2B1.1(b)(1)(F) because the loss exceeded $120,000.00; a two level increase is applied pursuant to USSG §2B1.1(b)(8)(B); two levels are added pursuant to USSG § 3C1.1, and a two level decrease is applied for acceptance of responsibility pursuant to § 3E1.1(a), resulting in a total offense level of 19. With a criminal history category of I, this results in an advisory guideline range for imprisonment of 30 to 37 months.[4]

---

[4] If the government motion pursuant to USSG § 3E1.1(b) were filed, an additional one level decrease in the offense level would result in a total offense level of 18, with a criminal history category of

10

Case 2:08-cr-00084-JRG  Document 18  Filed 03/03/09  Page 10 of 11  PageID #: 56

So ordered.

ENTER:

                                                <u>s/J. RONNIE GREER</u>
                                            UNITED STATES DISTRICT JUDGE

---

I, resulting in an advisory guideline range of 27 to 33 months.